Taliaferro, J.
The defendant in this case, having- a large claim against the Bank of Louisiana, levied, on the 10th of July, 18G5, an attachment upon eight hundred and nine bales of the plaintiff’s cotton, at Montgomery, in the State of Alabama. The bank, represented by liquidators, sold this cotton to several joint purchasers, on the 20th of the same month and year, for §100,000 ; but, unable to deliver it, on account of the attachment, it brings this suit against the defendant, alleging that his proceeding in Alabama is illegal and unwarranted ; that the bank is in liquidation under an order of Gen. Banks, dated the 13th of Jnne, 1863, during the military occupation of New Orleans by the Federal armies ; that, by this order, the bapk wfis deplared insolvent, and that all its property and assets *2 of every description, and all its affairs of whatsoever nature, were placed under the control and management of commissioners of liquidation, as provided for by law in insolvencies of individuals ; that the bank has, ever since the' date of said order,- been in due course of liquidation ; that, in consequence of this insolvency, the creditors of the bank can only be paid pro rata shares of its debts, after its assets have been converted into current funds and ready for distribution ; that defendant Wilson has no right to be paid in preference’to other creditors, or to be paid out of any particular portion of- the assets. The plaintiff therefore prays that the defendant be restrained by an injunction from taking any further action under the attachment proceeding begun by him in Alabama; that he be required to dismiss the attachment and to restore the cotton to the posesssion of plaintiff, upon the plaintiff’s giving bond, with solvent security, in such sum as the Court may determine, to secure the payment of such damages as said Wilson (who is alleged to be a citizen of Louisiana) may sustain, in case it should be decided that the injunction was wrongfully obtained. The plaintiff further prays, that the defendant be commanded by injunction to institute his action against petitioner, the said bank, in a competent Court in Louisiana, within three months from the date of the filing of plaintiff’s suit against defendant, to settle his rights against it. And, lastly, if the attachment sued out in Alabama shall not be dismissed, and the cotton attached restored to plaintiff, that judgment be rendered against defendant, in favor of plaintiff, for §100,000, the value of the cotton, and §20,000 damages, with interest from judicial demand.
The injunction was issued, as prayed for, and personal service of the same and of the petition was made on defendant, who thereupon, when the case came on for trial in the Court below, moved that the injunction be dissolved, on the following grounds :
1. That the Bank of Louisiana is without capacity to institute this suit, and therefore cannot stand in judgment.
2. That no sufficient injunction bond was given.
3. That the affidavit to obtain the injunction is insufficient.
On the trial of the rule the injunction was dissolved, and plaintiff has. appealed.
This suit is brought by the Bank of Louisiana, a corporation of the State of Louisiana, created by law and established in the city of New Orleans, and now in liquidation, and represented by Ambrose Lanfear, J. W. Burbridge and George Buleff, commissioners of liquidation for said bank. It is distinctly set out in the petition that the bank is insolvent and in process of liquidation, and the liquidators are named. The insolvency of the bank and its state of liquidation is alleged as the basis of the action against defendant, and the ground upon which it prays that defendant be restrained from prosecuting his claim against the property of the bank.
It is contended in argument by the counsel of the bank, that the military order declaring the insolvency of the bank, and appointing commissioners of liquidation to take charge of its assets, had not the effect to dissolve the corporation, and that no judicial decree has been rendered establishing the forfeiture of its charter. We see nothing requiring from us an opinion on this subject, If the corporation was not dissolved by- *3 the military order, its validity is recognized and accepted by the bank, to the extent of the insolvency declared, and the appointment of liquidators to take possession of its property and to settle its affairs.
In the case of French and another, Commissioners, v. Landis et al., 12 Rob. 634, the Supreme Court said: “ The analogy is striking between an insolvent who has made a cessio bonorum and a corporation put in liquidation by virtue of the act of 1842. All the property, rights and actions of the insolvent become vested in his creditors, to be administered by the syndic. It never has been supposed that an insolvent, after his surrender, could maintain an action against a faithless agent or mandatory. ' Such an action, and even a right to maintain revocatory actions, passes to the syndic, and can be maintained by him alone for the benefit of the creditors. By the decree of forfeiture the corporation has no longer the faculty of suing in its corporate name.”
If, as held by the plaintiff, the corporation still has vitality, and retains the capacity to sue and be sued, there would seem to be an anomaly growing out of the existence, at the same time, of a corporation and commissioners to liquidate its affairs, both having the power to control its assets, and equally the power to exercise all its rights of action in courts of justice. But no such anomaly, we apprehend, exists. There being commissioners appointed to liquidate the business of the insolvent bank, they are the proper representatives of the creditors, whose interests it is the duty of the liquidators to protect, and in their names should all judicial' proceedings, in relation to the rights of the creditors, be taken. On the other hand, if the corporation still exists, and has the capacity to institute suits, this action should-have been brought in its corporate name. But, if the capacity of the bank to stand in judgment were left an open question, we think the injunction bond defective, and this alone would present a bar to the prosecution of this suit.
The bond is executed in the name of the bank, by the attorney-at-law of the bank, and by Ambrose Lanfear as surety. It is not essential that appeal bonds be signed by the principal; and the reason is obvious. But the same reason does not apply to injunction bonds. The defendant had the right to require a bond from the plaintiff, or some one duly authorized to execute it for him. 12 An. p. 448. The attorney-at-law could only execute the bond in the absence of his client, and the client in this case was not absent. There is, moreover, doubt, whether the authority granted to attorneys-at-law, to execute bonds in such cases, extends to corporations. There is a special law in regard to corporations, which limits their official acts to certain agents, and an attorney-at-law is not one of these agents. C. P. Art. 112. O. C. Arts. 428, 429 and 430.
It is therefore ordered, adjudged and decreed, that the judgment of the District Court be affirmed, with costs.